UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re:**<br><br>**HANDEX GROUP, INC.,**<br><br>    **Debtor.** | |
| **DINO and VICTORIA EFTYCHIOU, LENORE CINTINEO and SAMUEL NUTILE**<br><br>    *Plaintiffs*,<br><br>v.<br><br>**SHELL OIL COMPANY, SHELL OIL PRODUCTS U.S., SHELL OIL PRODUCTS COMPANY, SHELL OIL PRODUCTS LLC, MOTIVA ENTERPRISES, LLC, HANDEX OF NEW JERSEY, INC. GEORGE STAMOULIS and ALBERTA STAMOULIS, GEORGE STAMOULIS INC., Individually and as SUCCESSOR to GEORGE STAMOULIS and ALBERTA STAMOULIS, ABC CORPORATIONS 1 THROUGH 20, (NAMES BEING FICTITIOUS), JOHN DOES 1-10, NAMES FICTITIOUS, AND ROBERT ROES 1-10, (NAMES BEING FICTITIOUS),**<br>    *Defendants*. | Civil Action No. 2:05-CV-05848-WJM<br><br>Hon. William J. Martini, U.S.D.J.<br><br>REPORT AND RECOMMENDATION |

## **INTRODUCTION**

    This matter comes before me on plaintiffs' motion to remand this civil action to the Superior Court of New Jersey. I have considered the papers submitted in support of and in opposition to the motion. There was oral argument. Rule 78.

## FACTS

This action arises out of the operations of a Shell-branded service station at 98 Kinderkmack Road in Montvale, New Jersey and the alleged contamination of seventeen residential properties owned by plaintiffs. The Complaint was originally filed in the Superior Court of New Jersey, Law Division, Bergen County, and was subsequently consolidated with two other actions by order of the Superior Court. On November 23, 2005, co-defendant, Handex Group, Inc. (including certain affiliate and subsidiaries, which includes defendant Handex of New Jersey, Inc.), filed a voluntary petition for relief in the United States Bankruptcy Court for the Middle District of Florida (Orlando Division). On December 15, 2005, Shell Oil Company, Shell Oil Products U.S., Shell Oil Products Company, LLC and Motiva Enterprises, LLC (hereinafter "the defendants") removed this matter to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027.

The plaintiffs, fourteen homeowners from Montvale seek an order requesting this Court to abstain from hearing this action and remanding this action to the Superior Court of Defendants seek to transfer the action to the Middle District of Florida (Orlando Division) pursuant to 28 U.S.C. § 1404 and § 1412 where it may be referred to the Bankruptcy Court for the Middle District of Florida (Orlando Division) where Debtor's bankruptcy case is presently venued.

## DISCUSSION

On a timely motion under 28 U.S.C. § 1334(c)(2), a district court must abstain if the following five requirements are met: (1) the proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is "related to" a case under Title 11, but does not "arise under" Title 11 and does not "arise in" a case under Title 11, (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action "is commenced" in a state forum of appropriate jurisdiction; and (5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction.

The first requirement is not in dispute. The case was originally brought in state court for claims based on damage done to the Montvale properties. Therefore, the Court moves to the impact of one of a co-defendant's filing for bankruptcy to determine whether the plaintiffs' cause of action "arise under" the Bankruptcy Code or if the claim is merely "related" to a bankruptcy proceeding. According to Stoe v. Flaherty, 2006 U.S. App. LEXIS 1580, *17 (3d Cir. 2006), a plaintiff's cause of action is "related to" a bankruptcy case but it does not "arise under" the Bankruptcy Code or "arise in" a bankruptcy case. Proceedings, "arise in" a bankruptcy case, "if they have no existence outside of the bankruptcy." United States Trustee v. Gryphon at the Stone Mansion, Inc., 166 F.3d 552,556 (3d Cir. 1999). That federal bankruptcy law is implicated as a defense to plaintiffs' claims, does not change the fact that the claim itself does not "arise" under title 11. Stoe, U.S. App. LEXIS 1580 at *20. The only connection the claims have to Handex's bankruptcy is if these claims are successful,

2

the co-defendants will be seeking contribution from Handex's estate. The plaintiffs have moved to dismiss the claims against Handex because these no longer view Handex as an indispensable party.

The defendants contend that the existence of an ongoing state proceeding is inherent in the nature of abstention. The language of § 1334 (c)(2) does not favor the defendants' position. On its face, that statute mandates abstention in removed cases as well as those filed initially in federal court. A removed case "is commenced" in the state court and satisfies that requirement. The court cannot reasonable read the statement "is commenced" to require both commencement and an ongoing litigation in state court. Stoe, 2006 U.S. App. LEXIS 1580, at *8-9. We can perceive no reason why Congress could have decided to deny mandatory abstention to a party who filed his state claim in a state court, only to have it removed to a federal court. Stoe, U.S. App. LEXIS 1580 at *11.

In regards to "timely adjudication," the matter was proceeding through the state court before the Notice of Removal. The state court established deadlines for the completion of the action and motions were pending which would have resolved all outstanding discovery issues. The defense has not outlined any reason that these deadlines cannot be satisfied in a timely matter. Accordingly, the elements of 28 U.S.C. § 1334(c)(2) have been met and the Court should abstain and remand it to the state court.

Mandatory abstention is not in conflict with 28 U.S.C. § 1452, which governs removal and remand in bankruptcy cases. That section provides:

> (a) A party may remove any claim or cause of action in a civil action
> ...to the district court for the district where such civil action is pending,
> if such district court has jurisdiction of such claim or cause of action
> under *section 1334* of this title.
>
> (b) The court to which such claim or cause of action is removed may
> remand such claim or cause of action on any equitable ground...

Once a district court determines that it either must abstain from hearing a removed case pursuant to 1334(c)(2) or should abstain pursuant to 1334(c)(1)'s permissive abstention provisions, it can consider whether there is reason for the action to proceed in state court. If so, there will be an "equitable ground" justifying remand under § 1452. Stoe, LEXIS 1580 at 12, 13. In this action the case originated in state court and was only removed to this forum due to a co-defendant's subsequent filing for bankruptcy. If the removal had not occurred, the case would still be proceeding in the state court. The removal provision still clearly has effect with respect to "arising in" and "arising under" cases, but in this action mandatory abstention applies to case "related to" bankruptcy proceedings. Therefore, this case is properly remanded without any conflict with § 1452.

Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. Martin v. Franklin Capital Corp. 126 S. Ct.

3

704 (2005). In this case the defendants operated under a reasonable basis for removal. Therefore the award of attorneys fees in this matter would be unnecessary.

## CONCLUSION

For the reasons set forth above, this motion to remand is GRANTED. The defendants' motion to transfer venue is DENIED.

Pursuant to Local Civil Rule 72.1(c)(2), the parties shall have ten (10) days from receipt of this Report and Recommendation and Order to file and serve objections thereto.

s/ Ronald J. Hedges
United States Magistrate Judge

cc: Hon. William J. Martini, U.S.D.C.